IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

UNITED STATES OF AMERICA     )
                                    )
     v.                          )     CASE NO. 2:06-CR-298-WKW
                                    )           [WO]
REGINALD LASHAWN         )
SAWYER                      )

## MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

In 2008, Defendant Reginald Lashawn Sawyer received a sentence of 168-months on felony drug-trafficking and firearm convictions.  That sentence reflects a significant downward departure from a statutorily required minimum sentence based upon the Government's motion recognizing the substantial assistance provided by Mr. Sawyer.  In November 2014, after Mr. Sawyer's sentence had become final, the United States Sentencing Commission promulgated Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G."), which in conjunction with Amendment 788, retroactively reduced by two levels the base offense levels for most drug quantities in U.S.S.G. § 2D1.1.

Mr. Sawyer's case was referred to this district's Retroactivity Screening Panel ("Panel")[1] for a recommendation on whether Mr. Sawyer is eligible for a sentence

---

[1] The Panel consists of district representatives from the U.S. Probation office, the U.S. Attorney's office, the Federal Defender's office, the Clerk's office, and a court staff attorney.

reduction under 18 U.S.C. § 3582(c)(2) and Amendments 782 and 788.  The Panel was unable to reach a unanimous recommendation.  It reached an impasse as to the applicability of another 2014 amendment to the Guidelines, namely, Amendment 780.  Amendment 780 revised the policy statement governing § 3582(c)(2) by adding U.S.S.G. § 1B1.10(c).  Section 1B1.10(c), in pertinent part, requires a sentencing court, which originally imposed a sentence below a statutory mandatory minimum pursuant to a government substantial-assistance motion, to ignore the mandatory minimum for purposes of § 3582(c)(2).  Amendment 780 is contrary to Eleventh Circuit precedent, which holds that a defendant whose sentence reflects a substantial-assistance departure below a statutory mandatory minimum is not eligible for a § 3582(c)(2) sentence reduction.  In that instance, the defendant's sentence is based on a statutory mandatory minimum, and is not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" as required under § 3582(c)(2).  *See United States v. Glover*, 686 F.3d 1203, 1207 (11th Cir. 2012); *United States v. Mills*, 613 F.3d 1070, 1078 (11th Cir. 2010).  The Panel is divided on whether Amendment 780 controls over a statutory mandatory minimum and Eleventh Circuit case law, with the majority of the Panel being of the opinion that the statute imposing the mandatory minimum controls the outcome.

To resolve the Panel's impasse, the court must decide (1) whether Mr. Sawyer is eligible for a sentence reduction where the statutory mandatory minimum on his drug-related offenses exceeded his guideline range and he received a substantial-assistance departure below the mandatory minimum and (2) and, if he is eligible, whether the applicable 18 U.S.C. § 3553(a) factors warrant a reduction.  For the reasons that follow, Mr. Sawyer is not eligible for a § 3582(c)(2) sentence reduction because Amendment 780 exceeds the Sentencing Commission's statutory authority. Even if Mr. Sawyer were eligible for a sentence reduction, the § 3553(a) factors would not justify a reduction.

## II.  BACKGROUND

### A.  <u>Mr. Sawyer's Sentence</u>

Mr. Sawyer is serving a 168-month sentence in a federal prison based upon his guilty plea to federal drug and firearm charges.  Imposed in 2008, Mr. Sawyer's sentence consists of 108 months, concurrently, on two counts for possession with intent to distribute cocaine base and marijuana (Counts 1 and 3, respectively) and one count for being a felon in possession of a firearm (Count 5), and 60 months, consecutively, on a firearms offense under 18 U.S.C. § 924(c) (Count 4).

Mr. Sawyer's convictions exposed him to a statutory sentencing range of 10 years to life on Count 1, not more than 5 years on Count 2, not more than 10 years on Count 5, and a mandatory minimum sentence of 5 years on Count 4, to be served

consecutively to the sentence on Counts 1, 2, and 5.  Although Count 1, at that time, carried a statutory mandatory minimum sentence of ten years, *see* 21 U.S.C. § 841(b)(1)(A) (eff. July 27, 2006 to Apr. 14, 2009), Mr. Sawyer had a prior felony drug conviction, and the Government filed a motion to enhance his penalties in accordance with 21 U.S.C. § 851.  The statutory enhancement increased Mr. Sawyer's penalty on Count 1 from a mandatory minimum term of not less than 10 years to a mandatory minimum term of not less than 20 years.  Additionally, the statutory enhancement on Count 3 increased Mr. Sawyer's maximum sentence from not more than 5 years to not more than 10 years.

In the absence of the 240-month statutory mandatory minimum sentence on Count 1, Mr. Sawyer's guideline range on Count 1 would have been 97 to 121 months based upon an offense level of 29 and criminal history category of II.[2]  Mr. Sawyer's restricted guideline range on Counts 3 and 5 would have been 97 to 120 months.  *See* U.S.S.G. § 5G1.1(c)(1).  Because the 240-month statutorily required minimum sentence on Count 1 was greater than the maximum of the applicable

---

[2] Mr. Sawyer's initial base offense level was 32.  Because more than one drug was involved, Mr. Sawyer's base offense level was calculated by converting the cocaine base and marijuana to their marijuana equivalent.  *See* U.S.S.G. § 2D1.1(a)(3) & (c)(4) (2007).  Under the 2007 Guidelines in effect when Mr. Sawyer was sentenced, the marijuana equivalency conversion of either the cocaine base alone or the cocaine base and marijuana together produced a base offense level of 32.  After a three-level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1(b), Mr. Sawyer's total offense level was 29.

guideline range, 240 months became the guideline sentence for the grouped counts.[3] *See* U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

At sentencing, the court granted the Government's motion for a downward departure for substantial assistance pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) and found that a six-level departure was warranted.[4]  The sentence on Count 1 departed downward from the statutory mandatory minimum sentence of 240 months in accordance with the dictates of *United States v. Head*, 178 F.3d 1205 (11th Cir. 1999).  *Head* holds that, where the guideline range is lower than the statutory mandatory minimum sentence, the starting point for a substantial assistance departure is the statutory mandatory minimum and not the lower guideline range. Under *Head*, the sentencing court had to apply a reduction for substantial assistance starting with the mandatory minimum of 240 months.  Mr. Sawyer's substantial-

---

[3] As stated, Mr. Sawyer also pleaded guilty to one count of carrying a firearm during and in relation to a drug trafficking crime.  *See* § 924(c)(1) (eff. Oct. 6, 2006 to present).  That count was not grouped because § 924(c)'s mandatory minimum sentence of 60 months must run consecutively to any other term of imprisonment.  *See* § 924(c)(1)(A)(i).  Amendment 782 does not affect the sentence on the § 924(c) charge.  *See United States v. Mesa*, No. 15-13278, 2016 WL 1729240, at *1 n.1 (11th Cir. May 2, 2016) ("Mesa concedes that his § 3582(c)(2) motion based on Amendment 782 did not implicate his mandatory, consecutive 120-month sentence on Count 5, his firearm offense, which was imposed pursuant to 18 U.S.C. § 924(c).").

[4] The departure exceeded by three levels the departure requested by the Government for Mr. Sawyer's substantial assistance.

assistance departure reflects a reduction of 55% (or 132 months) below the mandatory minimum of 240 months.[5]

In November 2012, the court, on its own motion, found that Mr. Sawyer was not eligible for a § 3582(c)(2) sentence reduction under Amendments 750 and 759, which operated together to retroactively lower base offense levels for certain cocaine base offenses to conform to the Fair Sentencing Act of 2010. *See* U.S.S.G. app. C, amend. 750, 759 (2011). The court reasoned that, notwithstanding that the applicable guidelines had been lowered, Mr. Sawyer still was subject to the statutory mandatory minimum of 240 months, which remained the guideline sentence. (Order (Doc. # 56).) In other words, the retroactive amendment did not lower Mr. Sawyer's guideline range.

Four years later, in November 2014, Amendment 782 went into effect, with retroactive application. Mr. Sawyer's case is before the court for a determination of whether he is eligible for a § 3582(c)(2) sentence reduction based upon Amendment 782 and, if so, whether the § 3553(a) factors warrant a reduction.

---

[5] Here is how the departure was calculated. Because the Government's § 5K1.1/§ 3553(e) motion specified levels rather than months, the court located on the Sentencing Table the lowest guideline range at Mr. Sawyer's criminal history category that included the mandatory minimum sentence of 240 months. That range was found at offense level 36 and was 210 to 262 months. From that point, the court departed six levels to offense level 30, which resulted in an adjusted guideline range of 108 to 135 months. The court sentenced Mr. Sawyer to 108 months. Mr. Sawyer also received a mandatory minimum of 60 consecutive months on a firearms charge, resulting in a sentence of 168 months.

**B.**     **Sentence Reduction Authorities**

Whether Mr. Sawyer is eligible for a sentence reduction implicates § 3582(c)(2), Amendments 780, 782, and 788 to the United States Sentencing Guidelines, and Eleventh Circuit precedent.  It is helpful, therefore, to provide a brief overview of these authorities.

**1.**     *§ 3582(c)(2)*

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions."  *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted).  Section 3582(c)(2) supplies one of those narrow exceptions.  Under § 3582(c)(2), a court is permitted, but not required, to reduce a sentence if (1) the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," (2) the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable," and (3) "a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  § 3582(c)(2).

**2.**     *Guideline Amendments*

**a.**     **Amendments 782 and 788**

The Sentencing Commission has lowered specified sentencing ranges pursuant to Amendment 782.  Effective November 1, 2014, Amendment 782

reduced by two levels the base offense levels for most drug quantities in U.S.S.G. § 2D1.1.  *See* U.S.S.G. Manual, supp. app. C, amend. 782 at 64–74, amend. 788, at 86–88 (Nov. 1, 2014).  Amendment 788, by including Amendment 782 on the list of amendments in U.S.S.G. § 1B1.10(d), made Amendment 782 retroactive, effective November 1, 2015, so as to lower sentences of qualifying previously sentenced inmates.[6]

### b.    Amendment 780 (now § 1B1.10(c))

Additionally, effective November 1, 2014, Amendment 780 added a new subsection (c) to § 1B1.10, which is the policy statement governing § 3582(c)(2). *See Dillon v. United States*, 560 U.S. 817, 819 (2010) (observing that the "policy statement governing § 3582(c)(2) proceedings" is set forth in § 1B1.10).  Section 1B1.10(c) is titled "Cases Involving Mandatory Minimum Sentences and Substantial Assistance" and provides:

> If the case involves a statutorily required minimum sentence and the court had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities, then for purposes of this policy statement the amended guideline range shall be determined without regard to the operation of § 5G1.1 (Sentencing on a Single Count of Conviction) and § 5G1.2 (Sentencing on Multiple Counts of Conviction).

---

[6] A special instruction prohibited offenders from gaining release from custody under Amendment 782 prior to November 1, 2015.  *See* § 1B1.10(d); *see generally United States v. Maiello*, 805 F.3d 992, 994–95 (11th Cir. 2015) (discussing the history of Amendments 782, 788).

§ 1B1.10(c). Sections 5G1.1 and 5G1.2 provide, as pertinent here, that, when the statutory mandatory minimum sentence exceeds the guideline range's maximum sentence, the guideline range cannot fall below the statutory mandatory minimum. Section 1B1.10(c) has a bearing on Mr. Sawyer's potential for a sentence reduction because he is subject to a statutory mandatory minimum term of 240 months that exceeds his guidelines range.

Section 1B1.10(c) purports to resolve a circuit split where a mandatory minimum "limit[s] the amount by which a defendant's sentence may be reduced under 18 U.S.C. § 3582(c)(2) when the defendant's original sentence was below" the mandatory minimum based upon the defendant's cooperation with the authorities. *See* U.S.S.G. Supp. to App. C, Amend. 780 (Reason for Amendment), at 55–56 (Nov. 1, 2014). The Sentencing Commission aligned with those circuits that had held that the bottom of the amended guideline range is not constrained by the statutory mandatory minimum. *Id.*

### 3.   *Eleventh Circuit Precedent*

The Eleventh Circuit was not one of the circuits with which the Commission aligned; therefore, § 1B1.10(c) is contrary to circuit precedent.[7] In *Glover*, the

---

[7] *See United States v. Hope*, No. 15-12773, 2016 WL 519064, at *4 (11th Cir. Feb. 10, 2016) (noting that § 1B1.10(c) "is contrary to [the circuit's] earlier holding" in *Williams*, but not further addressing whether § 1B1.10(c) controlled over circuit precedent) (citing *Williams*, 549 F.3d at 1340–41 (holding that a defendant is not entitled to a sentence reduction under § 3582(c)(2) if the original sentence was based on a substantial assistance departure and the original range was below the mandatory minimum)).

Eleventh Circuit rejected the defendant's argument that he was eligible for a sentence reduction under § 3582(c)(2) based on Amendments 750 and 759, which worked in tandem to retroactively lower base offense levels for certain cocaine base offenses.   683 F.3d at 1204–05.   The defendant's convictions for cocaine base trafficking ordinarily would have resulted in a guideline range of 188 to 235 months, but a statutory penalty raised the sentence's mandatory minimum to life in prison. The defendant's guideline range, therefore, became life in prison.   At sentencing, the defendant received a sentence of 240 months based upon a downward departure from the mandatory minimum for substantial assistance pursuant to § 5K1.1 and § 3553(e).   The Eleventh Circuit held that the defendant was ineligible for a § 3582(c)(2) sentence reduction because his "guidelines range was based on a statutory mandatory minimum," which "trumped" the guidelines range, and, therefore, "Amendment 750 did not lower Glover's guidelines range."   *Id.* at 1206, 1207.   The defendant's "guidelines range was—and still is—life in prison."   *Id.* at 1208.

*Glover* unsurprisingly conformed to prior circuit decisions holding that defendants who received departures below the mandatory minimum based upon their cooperation with the authorities were not eligible for sentence reductions under § 3582(c)(2) and retroactive amendments to drug guidelines under § 1B1.10.   *See United States v. Mills*, 613 F.3d 1070, 1078 (11th Cir. 2010); *United States v.*

10

*Williams*, 549 F.3d 1337 (11th Cir. 2008).  In each case, the mandatory minimum represented the starting point of any downward departure based on substantial assistance, both before and after any amendment to the drug guideline.  Because the defendants were sentenced based on statutory mandatory minimum penalties, the retroactive amendments did not lower their sentencing ranges.

## III.  DISCUSSION

The § 3582(c)(2) inquiry is twofold.  The first issue is whether the defendant is eligible for a sentence modification, and, if he is, the second issue focuses on the "extent of the reduction authorized," if any.  *Dillon*, 560 U.S. at 827; *see also United States v. Williams*, 557 F.3d 1254, 1257 (11th Cir. 2009) (noting that the district court's "decision whether to reduce the defendant's sentence [under § 3582(c)(2)], and to what extent, remains discretionary").

## A.   Mr. Sawyer is not eligible for a sentence reduction under § 3582(c)(2).

It seems straightforward that Mr. Sawyer does not meet the statutory criteria for a sentence reduction on the basis of Amendments 782 and 788.  Section 3582(c)(2) authorizes a sentence reduction only where the defendant's sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ."  § 3582(c)(2).  "Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not

authorize a reduction in sentence." *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008).

Mr. Sawyer's sentence was based on a statutory mandatory minimum sentence of 240 months, *see* 21 U.S.C. § 841(b)(1)(A)(iii) (eff. July 27, 2006 to Apr. 14, 2009), § 851, and a statutorily authorized departure for substantial assistance, *see* § 3553(e), § 5K1.1; it was not based on a sentencing range affected by Amendment 782. The base offense levels in § 2D1.1, which Amendments 782 and 788 retroactively lowered, did not factor into the calculation of the 240-month mandatory minimum sentence. Mr. Sawyer's sentencing range was determined based upon a congressionally mandated statutory minimum, rather than on the quantity of the drugs involved in an offense under § 2D1.1.

The inquiry should be at an end, but there is one more consideration. Section 3582(c)(2) provides that any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." The "policy statement governing § 3582(c)(2) proceedings" is set forth in § 1B1.10. *Dillon*, 560 U.S. at 819. Effective November 1, 2014, § 1B1.10(c) was revised, and the commentary to § 1B1.10 directs courts to "use the version of this policy statement that is in effect on the date on which the court reduces the defendant's term of imprisonment."[8]

---

[8] Amendment 780 created a new subsection (c), and moved the former subsection (c), which enumerates the amendments that are retroactive, to subsection (d).

§ 1B1.10 cmt. n.8.   Section 1B1.10(c) directs courts to disregard two other guidelines, § 5G1.1 and § 5G1.2.  These two guidelines, among other things, discuss the interplay between statutory mandatory minimum sentences and sentencing guideline ranges.  As pertinent here, § 5G1.1(b) dictates that, "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." § 5G1.1(b).  Section 5G1.1(b)'s mandate makes sense because it is well settled that a "statute controls in the event of a conflict between the guideline and the statute." *United States v. Eggersdorf*, 126 F.3d 1318, 1320 (11th Cir. 1997).[9]  But § 1B1.10(c) reverses the statute's trumping authority by making a guideline "policy statement" superior to a congressionally enacted statute.  Distilled to its essence, § 1B1.10(c) directs courts to disregard a statutory mandatory minimum when determining whether a defendant, like Mr. Sawyer, who received a sentence below the statutory mandated minimum based upon his cooperation with the authorities, is entitled to a sentence reduction under § 3582(c)(2).  § 1B1.10(c).

---

[9] *See also Dorsey v. United States*, 132 S. Ct. 2321, 2327 (2012) ("[O]rdinarily no matter what range the Guidelines set forth, a sentencing judge must sentence an offender to at least the minimum prison term set forth in a statutory mandatory minimum"); *Neal v. United States*, 516 U.S. 284, 291, 294 (1996) (noting that 21 U.S.C. § 841(b)(1)'s mandatory sentences "are both structurally and functionally at odds with sentencing guidelines" and holding the Sentencing Commission "has no authority to override the statute") (quotation omitted); *United States v. Allen*, 16 F.3d 377, 379 (10th Cir. 1994) ("We have repeatedly recognized the obvious rule that statutes trump the guidelines when the two conflict.").

The Supreme Court of the United States has concluded that § 1B1.10 is binding on courts in § 3582(c)(2) proceedings.  *See Dillon*, 560 U.S. at 824–28.  But the Court decided *Dillon* prior to § 1B1.10(c)'s amendment in 2014, and it was not confronted with a guideline that overruled a statute's application.  Here is the crux of the issue:   *Dillon* provides that the Sentencing Commission's directives in § 1B1.10 are binding, but the new § 1B1.10(c), at bottom, directs sentencing courts to ignore Congress's statutorily imposed mandatory minimum sentences.  How is one to reconcile the fundamental conflict between the Sentencing Commission's mandate in § 1B1.10(c) and Congress's mandate in a statute?

There is an absence of an explanation in § 1B1.10(c) as to a guideline's ability to override a statute.[10]  The court is cognizant that the Sentencing Commission has

---

[10] It is dubious that a robust explanation could be elicited from the Government had briefing been allowed.  In this district, in a different case, the United States Attorney's Office and the defendant presented a unified argument in favor of the defendant's eligibility for a § 3582(c)(2) sentence reduction in circumstances indistinguishable from Mr. Sawyer's.  *See United States v. Morris*, No. 3:07CR261-MHT, 2015 WL 7756138, at *1 (M.D. Ala. Dec. 2, 2015) ("Both the government and Morris agree that his eligibility for a sentence reduction is governed by Amendment 780 (and that he is therefore eligible).").  For this reason, briefing in this case has been pretermitted.  Notably also, in the following cases, in other districts, the government has not contested a defendant's eligibility for a § 3582(c)(2) sentence reduction based upon Amendment 782 in light of Amendment 780 where the defendant received a cooperation reduction under § 5K1.1 and § 3553(e).  *See, e.g.*, *United States v. Williams*, 808 F.3d 253, 256 (4th Cir. 2015) (appointing amicus counsel to support the position of the district court because the government advocated the defendant's position on appeal); *United States v. Smith*, No. 12-20066-31-KHV, 2015 WL 8492029, at *1 (D. Kan. Dec. 9, 2015) (observing that the government and defense counsel submitted an agreed order for an Amendment 782 reduction, but denying a reduction based on consideration of the § 3553 factors), *appeal filed*, No. 15-3318 (10th Cir. Dec. 16, 2015); *United States v. Jerrell*, No. 3:13-CR-45-TAV-CCS, 2015 WL 4476434, at *2-3 (E.D. Tenn. July 22, 2015) (Vogel, J.) (observing that "[t]he government defers to the Court's discretion whether to reduce the defendant's sentence, subject to the limitations of 18 U.S.C. § 3582(c)(2) and section 1B1.10" and noting that the government "concedes [that the defendant] is eligible for a sentence

authority to resolve conflicts when circuits disagree as to a guideline's interpretation. *See Braxton v. United States*, 500 U.S. 344, 348 (1991) ("Congress necessarily contemplated that the Commission would periodically review the work of the courts, and would make whatever clarifying revisions to the Guidelines conflicting judicial decisions might suggest."); *see United States v. Morris*, No. 3:07CR261-MHT, 2015 WL 7756138, at *3 (M.D. Ala. Dec. 2, 2015) ("It is the Sentencing Commission's important and well-recognized role to resolve circuit conflicts and thereby ensure the consistent application of the Sentencing Guidelines." (collecting cases)).  The Sentencing Commission's resolution of a circuit split on a pure guideline

---

reduction pursuant to § 3582(c)(2)"); *United States v. Feauto*, 146 F. Supp. 3d 1022, 1026 & n.3 (N.D. Iowa 2015) (The government argued that the defendant was eligible for a sentence reduction, but that, based on a number of aggravating factors, he should not receive a reduction in his sentence); *United States v. Harshaw*, No. 3:06-CR-127, 2015 WL 756757, at *1 (E.D. Tenn. Feb. 23, 2015) (Phillips, J.) ("[T]he government concludes that it defers to the Court's discretion whether to grant a reduction and to what extent"; court agreed that Amendments 750 and 780 applied, but disagreed with the full reduction requested by defendant); *United States v. Fuson*, No. 2:09-CR-031, 2016 WL 1704345, at *1 (E.D. Tenn. Apr. 27, 2016) ("The government has responded . . . , deferring to the court's discretion whether and to what extent to grant any such reduction, subject to the limitations of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10."); *United States v. Hardy*, No. 15-6966, 2016 WL 473215, at *2 (4th Cir. Feb. 8, 2016) ("On June 1, 2015, the government agreed that Hardy was eligible for a sentence reduction under Amendment 782, and also acknowledged that the district court could lower his sentence to the 98 months recommended by the probation officer."); *but see United States v. Rivas*, No. 1:05-CR-60-TLS, 2015 WL 5971111, at *3 (N.D. Ind. Oct. 14, 2015): ("Neither party has cited to § 1B1.10(c). Instead, the Government argues that the Defendant is not eligible for a reduction because his sentence was not based on the Guideline range, but was based on the statutory mandatory minimum and the Government's decision to move for a sentence below that minimum.").

It is notable also that, "[b]ecause a § 3582(c)(2) proceeding is not a de novo re-sentencing," the parties are not "entitled to any response when the court does not intend to rely on new information."   *United States v. Jules*, 595 F.3d 1239, 1245 (11th Cir. 2010); *see also* § 1B1.10(a)(3) ("[P]roceedings under 18 U.S.C. [§] 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.").

interpretation is one thing, but its resolution of a circuit split that overrides a statute is quite another thing. The former constitutes the Sentencing Commission's valid abrogation of circuit precedent, but the latter raises fundamental concerns as to whether the Sentencing Commission can trump a statute through the guise of a binding policy statement.

This tension between § 1B1.10(c) and a statutory mandatory minimum sentence has received some well-deserved attention. Notably, the chief judge of the Fourth Circuit parted ways with the majority opinion in *United States v. Williams*, 808 F.3d 253 (4th Cir. 2015), *r'hrg en banc denied* Jan. 5, 2016, which held that, although § 5G1.1(b) "would otherwise turn the 240-month mandatory minimum into Williams's revised 'guideline sentence,' the revisions made to Guidelines section 1B1.10 by Amendment 780 bar[red] the sentencing court from calculating his amended range in that manner." *Id.* at 263. The majority cited the general principle that the Sentencing Commission has authority to resolve inter-circuit conflicts concerning the interpretation of a guideline and reasoned that the Commission, through the 2014 amendment to § 1B1.10(c), had abrogated contrary precedent in the Fourth Circuit. Based on § 1B1.10(c), the majority held that the defendant was eligible for a sentence reduction under § 3582(c)(2) based upon Amendments 780 and 782.

Dissenting, the chief judge emphasized that the defendant's "sentence was based on a statutory mandatory minimum. Congress has not lowered it, and the Sentencing Commission has no power to lower it." *Id.* The chief judge makes a sound point with which this court is inclined to agree. The chief judge persuasively reasoned that the advisory sentencing range is irrelevant when the statutorily required mandatory minimum exceeds the high end of the advisory sentencing range and the departure below the mandatory minimum is based on substantial assistance. The mandatory minimum is the sentence, and "the baseline for th[e] departure is the mandatory minimum—not the otherwise applicable sentencing range." *Id.* at 264. The chief judge concluded that, "[w]hile the Sentencing Commission has the authority to overrule circuit precedent interpreting *Guidelines* provisions, it cannot overrule circuit precedent interpreting a *statutory* provision." *Id.* at 266.

Similarly, in *United States v. Carrington*, 158 F. Supp. 3d 1171 (D. Kan. 2016) (Vratil, J.), the district court expressed serious concerns about the Commission's authority to promulgate § 1B1.10(c). It noted that, "[e]ven though the Court must treat the Sentencing Commission policy statement in Section 1B1.10 as mandatory, *Dillon*, 560 U.S. at 827, . . . the Sentencing Commission has no authority to reduce a minimum sentence mandated by statute." *Id.* at 1176 n.8 (citing, among other decisions, *Williams*, 808 F.3d at 266 (dissent, C.J. Traxler)). It also "question[ed] whether Congress has delegated authority to the Sentencing

Commission to create an additional exception to statutory mandated minimum sentences by way of a retroactive amendment to the Guidelines and if Congress has done so, whether that delegation of power is lawful." *Id.* (citing *United States v. Feauto*, 146 F. Supp. 3d 1022, 1029–40 (N.D. Iowa 2015) (Bennett, J.)).  The court found it unnecessary to resolve these concerns, however, "because even assuming that defendant [was] eligible for relief, a sentence reduction [was] not warranted." *Id.*  Judge Vratil has entered multiple decisions raising the same concerns and ruling in a similar manner as in *Carrington.  See, e.g., United States v. Smith*, No. CR 12-20066-32-KHV, 2016 WL 2958453, at *1 n.2 (D. Kan. May 23, 2016) (collecting cases) (Vratil, J.).  Another district court has done more than express concerns; it has found expressly that the Sentencing Commission acted outside of its authority in using § 1B1.10(c) to "nullify a statutory mandatory minimum sentence . . . ." *Feauto*, 146 F. Supp. 3d at 1030.  *Feauto* is pending on appeal before the Eighth Circuit.

However, other courts, in addition to the Fourth Circuit in *Williams*, have followed § 1B1.10(c) with little pause.  *See United States v. Koglin*, 822 F.3d 984, 987 (7th Cir. 2016) (observing in dicta that "[o]ne could be forgiven for thinking . . . [that] [r]egardless of the reduction in the base offense level brought about by Amendment 782, the mandatory minimum keeps Koglin's guideline sentence at 120 months.  But § 1B1.10(c) instructs courts to ignore mandatory minimums when

determining whether a defendant is eligible for a sentence reduction in situations where, as here, the sentencing court 'had the authority to impose a sentence below the statutorily required minimum sentence pursuant to a government motion to reflect the defendant's substantial assistance to authorities.'"); *United States v. Freeman*, 586 F. App'x 237, 239 (7th Cir. 2014) (holding that, in ruling on Amendment 782 motions for cooperators, district courts should no longer consider the effect of the statutory mandatory minimum trumping provisions of §§ 5G1.1 and 5G1.2); *United States v. Morris*, No. 3:07-CR-261-MHT, 2015 WL 7756138, at *2 (M.D. Ala. Dec. 2, 2015) (Thompson, J.) (finding that Amendment 780 abrogated *Glover*, in part, because it "is binding on district courts hearing motions for sentence reductions" (citing, among another authority, *Dillon*, 560 U.S. at 824–28)); *United States v. Guzman*, No. 3:06-CR-91, 2015 WL 3866203, at *2 (E.D. Tenn. June 22, 2015) (Varlan, J.) ("Because the trumping provisions of sections 5G1.1 and 5G1.2 no longer apply, the Court calculates the defendant's amended guideline range by first substituting the appropriate revised base offense level provided by Amendment 782, and then making any adjustments in accordance with the defendant's original sentence." (citing § 1B1.10(b)(1)); *United States v. Jones*, No. CR 5: 13-66-DCR, 2015 WL 6134393, at *3 (E.D. Ky. Oct. 19, 2015) (Reeves, J.) (finding that § 1B1.10(c) "may be considered in connection with the defendant's current [Amendment 782 reconsideration] motion by virtue of Amendments 780 and 788"

and that the court "ha[d] the ability to reduce Jones' sentence below 96 months," but declining to do so).

Having carefully considered the divergent decisional holdings, the court is persuaded that the position taken by the Fourth Circuit's chief judge in *Williams* is the better reasoned one. *See* 808 F.3d at 263–666 (Traxler, C.J.). Where a federal crime carries a statutory mandatory minimum sentence, only Congress can make an exception to its imposition. *See id.* Congress has done so, for instance, in § 3553(e) where there is a government motion seeking a downward departure from a mandatory minimum based upon the defendant's substantial assistance. Amendment 780 violates this fundamental principle. In 2014, the Sentencing Commission adopted Amendment 780, a policy statement now published at § 1B1.10(c), which sought to put an end to a circuit split on the issue of whether a defendant, sentenced below a statutory mandatory minimum because of a § 3553(e) reduction for substantial assistance, is eligible for a § 3582(c)(2) reduction. In doing so the Sentencing Commission required courts to cast aside statutorily required minimum sentences in favor of a lower amended guideline range. *See* § 1B1.10. Section 1B1.10 flies in the face of Congress's minimum penalties for specified drug crimes. Where, as here, there is a conflict between a guideline policy statement and a federal statute, the guideline must give way. *See Eggersdorf*, 126 F.3d at 1320 (A "statute controls in the event of a conflict between the guideline and the statute.");

*see also supra* note 9 (collecting cases).  Based upon these authorities, the court is not persuaded that it can adhere to a guideline interpretation that attempts by administrative fiat to supplant a statutory mandatory minimum.  Instead, redress must be "with Congress and the mandatory minimum sentences for drug offenses that it has set," *Mills*, 613 F.3d at 1077, and not with the Sentencing Commission.

There is accordingly no basis for discarding *Glover*'s precedent.  *See Glover*, 686 F.3d at 1203.  Mr. Sawyer's sentence is legally indistinguishable from the defendant's in *Glover*.  Both Mr. Sawyer and Glover received sentences based on a statutory mandatory minimum (240 months for Mr. Sawyer; life for Glover), but the courts departed below the statutory mandatory minimums based upon § 5K1.1/§ 3553(e) motions predicated on the defendants' substantial assistance.  But for the statutory mandate that froze Mr. Sawyer's minimum sentence at 240 months, Amendment 782 would have lowered Mr. Sawyer's guidelines range.  Amendment 782 is of no help to Mr. Sawyer; his sentence is based on a statutory mandatory minimum and not the lower guidelines range.  His guidelines range was—and still is—240 months, just as Glover's "guidelines range was—and still is—life in prison."  686 F.3d at 1208.

Application of *Glover* affords Mr. Sawyer no relief.  *Glover*, as well as *Mills*, was grounded on the statutory language of § 3582(c)(2), namely, its requirement that a sentence be "based on a sentencing range."  *Glover*, 686 F.3d at 1206; *Mills*, 613

21

F.3d at 1079 ("The statutory mandatory minimums to which Defendants were subject meant that they were not sentenced 'based on a sentencing range' subsequently lowered by Amendment 706." (quoting § 3582(c)(2)).  Mr. Sawyer's sentence was based on a statutory mandatory minimum sentence and a statutorily authorized departure from the mandatory minimum.  The § 3582(c)(2) prerequisite is not met, and Mr. Sawyer is not entitled to a sentence reduction.  It is unnecessary, therefore, to determine whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission."  § 3582(c)(2).

**B.**     **Alternatively, the § 3553(a) factors do not justify a sentence reduction.**

Even if it is assumed that Amendment 782 applies and that Mr. Sawyer is eligible for a sentence reduction, he is not entitled to a reduction as a matter of right.  Section 3582(c)(2), which is worded permissively, grants a court discretion to decline to grant a reduction if it finds that the § 3553(a) factors do not warrant a sentence reduction.  Having considered all of the factors set out in § 3553(a), the court finds that Mr. Sawyer's original sentence was an appropriate sentence and that a § 3582(c)(2) sentence reduction is not warranted.

**1.**     *§ 3553(a)(1)*

Section 3553(a)(1)'s factors—the nature and circumstances of the offense and the history and characteristics of the defendant—confirm the appropriateness of the 108-month sentence.  Mr. Sawyer was convicted of crimes involving serious drug

trafficking offenses.[11]  Congress deemed the drug trafficking charges serious enough to curtail the district court's sentencing discretion by imposing mandatory minimum sentences:  10 years on the cocaine base trafficking charge, which was enhanced to a minimum of 20 years based on Mr. Sawyer's prior qualifying felony drug conviction.  *See* 21 U.S.C. § 841(b)(1)(A)(iii) (eff. July 27, 2006 to April 14, 2009) (providing a ten-year mandatory minimum sentence for possession with intent to distribute 50 grams or more of cocaine base but raising the mandatory minimum to 20 years based upon a prior conviction for a felony drug offense); § 851 (setting forth the procedure for increasing punishment by reason of a prior conviction for a felony drug offense).

Concerning the circumstances of his offense, Mr. Sawyer caught the attention of law enforcement as he was driving at high speeds alongside another vehicle in drag-race fashion and waving a firearm out the driver's side window.  When the officers initiated a traffic stop, Mr. Sawyer fled on foot and when finally caught, resisted arrest.  When he was arrested, he had on his person or had thrown on the ground during the foot chase multiple packets of drugs, $3,542.61 in cash, a Glock .40 caliber semi-automatic handgun, an ammunition magazine, and additional drugs. The crack cocaine he possessed weighed in at 179.1 grams.  As the court emphasized

---

[11] His offenses also include the illegal use of firearms, but, as noted earlier in this opinion, the 5-year consecutive sentence on the § 924(c) charge is not impacted by Amendment 782.

at the sentencing hearing, Mr. Sawyer had the perfect mix of ingredients for a recipe for disaster:  He was driving recklessly on a public roadway and running from law enforcement officers while in possession of drugs and a weapon.  Moreover, the circumstances underlying his prior enhancing conviction of first-degree possession of marijuana had the indicia of drug trafficking as he had a set of scales and a pistol. The 108-month sentence originally imposed on the grouped counts was structured to take into account the nature and circumstances of the offense and the history and characteristics of the defendant, as well as to account for concerns the court expressed at the sentencing hearing that the § 851 penalty enhancement for being a repeat felony drug offender was greater than necessary to accomplish the purposes of sentencing.

      **2.**      *§ 3553(a)(2)*

In addition to historical concerns and the nature and circumstances of the offense, the 108-month sentence on the drug offenses appropriately takes into account "the need for the sentence imposed . . . to reflect the seriousness of the offense."  § 3553(a)(2)(A).  It takes into consideration the extent of Mr. Sawyer's cooperation, and notably the departure amounted to twice the reduction the Government requested for Mr. Sawyer's cooperation. But for Mr. Sawyer's substantial cooperation, he would have faced a minimum term of imprisonment of 20 years plus 60 months for the weapon.  Any sentence below 108 months would

understate the seriousness of Mr. Sawyer's offense.  Furthermore, the sentence, as it stands, serves to promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from further criminal activity by Mr. Sawyer.

### 3. *§ 3553(a)(6)*

The court also has considered "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  § 3553(a)(6).  Application of § 1B1.10(c) to the full extent permitted by its terms creates a disparity between § 3582(c)(2) sentence reductions and original sentences where a defendant's statutory mandatory minimum on a drug offense is higher than the guideline range.  Unlike Amendment 780, the current version of the Guidelines does not eradicate the statutory trumping rule in § 5G1.1.  Hence, a defendant sentenced under the current Guidelines who cooperates with the authorities but is subject to a mandatory minimum sentence for specified drug quantities could have a substantial sentencing disadvantage.  In this circuit, *Head* is controlling Eleventh Circuit precedent for purposes of original sentencing hearings. *See Head*, 178 F.3d at 1206–08.  Under *Head*, the starting point for applying a downward departure under § 5K1.1 and § 3553(e) is the statutory mandatory

minimum.[12]  In other words, a court cannot disregard the mandatory minimum at an original sentencing in the manner that § 1B1.10(c) permits for a § 3582(c)(2) sentence reduction.  There is no mention of this disparity in the commentary and application notes accompanying the new § 1B1.10(c).[13]  *See generally United States v. Smith*, No. CR 12-20066-32-KHV, 2016 WL 2958453, at *5 (D. Kan. May 23, 2016) ("To allow defendants sentenced before Amendment 782 to receive a reduction beyond that authorized in the current version of Section 3553(e) and the

---

[12] Under the applicable federal statutes, the comparison is not apples to apples because Mr. Sawyer was sentenced prior to the Fair Sentencing Act ("FSA"), and the FSA lowered the drug quantities for purposes of mandatory minimums.  The FSA does not apply retroactively so Mr. Sawyer receives no benefits from its enactment.  *See United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012).  But the point is here that at an original sentencing hearing the defendant, described above, remains stuck with the mandatory minimum sentence for purposes of a departure for substantial assistance.

[13] The Commission's reason for the amendment in § 1B1.10(c) is silent as to the disparity it creates in the Eleventh Circuit:

> Th[e] clarification [in § 1B1.10(c)] ensures that defendants who provide substantial assistance to the government in the investigation and prosecution of others have the opportunity to receive the full benefit of a reduction that accounts for that assistance.  See USSG App. C. Amend. 759 (Reason for Amendment).  As the Commission noted in the reason for that amendment: "The guidelines and the relevant statutes have long recognized that defendants who provide substantial assistance are differently situated than other defendants and should be considered for a sentence below a guideline or statutory minimum even when defendants who are otherwise similar (but did not provide substantial assistance) are subject to a guideline or statutory minimum. Applying this principle when the guideline range has been reduced and made available for retroactive application under section 3582(c)(2) appropriately maintains this distinction and furthers the purposes of sentencing."  *Id.*

U.S.S.G. supp. to app. C, amend. 780 (Reason for Amendment) (Nov. 1, 2014).

Guidelines would create a significant disparity based on when a particular defendant was sentenced.").

All of this also means that, based upon the difference in the starting point for calculating a substantial assistance departure, a defendant would receive a lower sentence in a § 3582(c)(2) proceeding than he would have received if the amendment had been in effect at his original sentencing. "The purpose of § 3582(c)(2) is to give a defendant the benefit of a retroactively applicable amendment to the guidelines." *Glover*, 686 F.3d at 1206. The defendant "is not to receive a lower sentence than he would have received if the amendment had been in effect at the time of his sentencing." *Id.*; *see also United States v. Villegas*, No. 15-13881, 2016 WL 3099089, at *2 (11th Cir. June 3, 2016) (citing favorably this principle of *Glover*). In Mr. Sawyer's case, the end result is that adherence to § 1B1.10(c) would give him drastically more favorable treatment than he would have received at his original sentencing.

To illustrate, Mr. Sawyer arguably would fall in the class of defendants eligible for a sentence reduction based upon Amendment 782 if the court applied Amendment 780 (*i.e.*, § 1B1.10(c)).[14] Based on the applicable retroactive guideline

---

[14] To discern the available amount of a § 3582(c)(2) reduction, the court "must recalculate the sentence under the amended guidelines, first determining a new base level by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000). "In undertaking this first step, only the amended guideline is

amendments and the guidance in § 1B1.10(c), Mr. Sawyer's amended base offense level would be 26.[15]  After the three-level downward adjustment for acceptance of responsibility, Mr. Sawyer's total offense level would be 23.  The intersection of a total offense level of 23 and criminal history category II yields an amended sentencing range of 51 to 63 months.  Section 1B1.10(c) then directs the court to ignore the mandatory minimum sentence of 240 months, which otherwise would have applied.[16]  Mr. Sawyer received a six-level departure for substantial assistance, and § 1B1.10(b) authorizes a reduction in Mr. Sawyer's sentence that is "comparably less than the amended guideline range."  A six-level departure yields an offense level of 17, for a final amended guideline range of 27 to 33 months.  Originally, the court sentenced Mr. Sawyer at the bottom of the adjusted range.  Section § 1B1.10(b)(2)(B) authorizes an equivalent reduction, meaning that a sentence as low as 27 months could be possible (plus the five-year, consecutive mandatory minimum sentence for the firearms offense).  *See* § 1B1.10(b)(2)(B) (providing that "a reduction comparably less than the amended guideline range . . . may be appropriate").  A sentence of 27 months is 213 months below the statutory

---

changed.  All other guideline application decisions made during the original sentencing remain intact."  *Id.* (citation and internal quotation marks omitted).

[15] Sawyer's base offense level is recalculated under Amendment 782, with credit given for other changes made before Amendment 782.

[16] At his original sentencing, Mr. Sawyer's guideline sentence was 240 months based upon a statutory mandatory minimum that trumped the lower guideline range.

mandatory minimum of 240 months for the drug-related offenses.  That's an 89%

departure.  When compared to Mr. Sawyer's original sentence, which reflected a

substantial downward departure of 55% (or 132 months) below the mandatory

minimum of 240 months, the § 3582(c)(2) reduction produces a starkly different

result.  Contrary to Eleventh Circuit directives, a 27-month sentence on the drug-

related offenses would be a much "lower sentence than [Mr. Sawyer] would have

received if the amendment had been in effect at the time of his sentencing."  *Id.*  Mr.

Sawyer's criminal conduct has not been diminished, questioned, adjusted, or

changed in any fashion.  His original sentence was reasonable then, and so it is now.

The sentencing disparities that Amendment 780 yields in the Eleventh

Circuit—as to other defendants whose substantial-assistance departures are stymied

at an original sentencing hearing by mandatory minimum sentences and as to Mr.

Sawyer himself—present yet another reason that weighs against a sentence

reduction.

### 4.   *Summary*

Exercising its discretion in light of the factors set forth in § 3553(a) and for

the reasons set forth above and at the original sentencing hearing on February 15,

2008, the court finds that the sentence of 108 months is sufficient, but not greater

than necessary, to meet the sentencing factors set forth in § 3553(a), after considering

Mr. Sawyer's substantial assistance.  Accordingly, even if Mr. Sawyer were eligible

for a sentence reduction, the court would decline to reduce his sentence under § 3582(c)(2) and Amendment 782.

## IV.  CONCLUSION

At his sentencing in 2008, Mr. Sawyer was subject to a statutory mandatory minimum that exceeded his guideline range on his drug-related offenses, and he received a substantial-assistance departure below the mandatory minimum.  Mr. Sawyer is ineligible for an Amendment 782 reduction under § 3582(c)(2) because his sentence was not "based on a sentencing range" that the Sentencing Commission subsequently lowered, and the Sentencing Commission's authority to override the application of a federal statute is dubious.  Alternatively, even if Mr. Sawyer's eligibility for a sentence reduction is assumed, the applicable § 3553(a) factors do not warrant a reduction.

Accordingly, it is ORDERED that Mr. Sawyer is not entitled to a sentence reduction under § 3582(c)(2).

DONE this 2nd day of December, 2016.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE